# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 0431

### C.M.J.

### VERSUS

### L.M.C.

Judgment Rendered: _____ MAY 2 4 2022 _____

* * * * * * *

APPEALED FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
IN AND FOR THE PARISH OF ST. TAMMANY
STATE OF LOUISIANA
DOCKET NUMBER 2011-13039, DIVISION "K"

HONORABLE MARY C. DEVEREUX, JUDGE[1]

* * * * * * *

| | |
|---|---|
| Robert C. Lowe<br>Suzette Marie Smith<br>New Orleans, Louisiana | Attorneys for Plaintiff/Appellant<br>C.M.J. |
| Richard J. Ducote<br>In Proper Person<br>and<br>Victoria McIntyre<br>Covington, Louisiana | Attorneys for Appellant<br>Richard J. Ducote |
| Richard Ducote<br>Victoria McIntyre<br>Covington, Louisiana | Attorneys for Defendant/Appellee<br>L.M.C. |
| Ellen Cronin Badeaux<br>In Proper Person<br>and<br>Richard Badeaux<br>J. Craig Diamond<br>Janice K. Doré<br>Covington, Louisiana | Attorneys for Appellee<br>Ellen Cronin Badeaux |

## BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

---

[1] Judge Mary C. Devereaux presided over the case and signed the judgment. Judge Devereaux has since retired, and Judge Patrice W. Oppenheim in now the presiding judge in the case.

**McDONALD, J.**

This matter before us stems from ongoing litigation in a custody dispute over three minor children. See **C.M.J. v. L.M.C.**, 2014-1119 (La. 10/15/14), 156 So.3d 16. In this case, the father, C.M.J., filed a motion for sanctions against the mother, L.M.C., pursuant to La. C.C.P. art. 863 and La. R.S. 46:2136.1(A), and against L.M.C.'s attorney, Richard Ducote, and her former attorney, Ellen Cronin Badeaux pursuant to La. C.C.P. art. 863. The district court granted the motion for sanctions against L.M.C. pursuant to La. C.C.P. art. 863 and La. R.S. 46:2136.1(A), granted the motion for sanctions against Mr. Ducote pursuant to La. C.C.P. art. 863, and denied the motion for sanctions against Ms. Badeaux. That judgment was signed on January 15, 2020.[2]

Mr. Ducote appealed the portion of the judgment that granted the motion for sanctions against him. C.M.J. appealed the district court's denial of his motion for sanctions against Ms. Badeaux.

C.M.J. filed a motion to dismiss Mr. Ducote's appeal, and answered Mr. Ducote's appeal, maintaining that the appeal was frivolous and asking for an award of damages including attorney fees against Mr. Ducote. Ms. Badeaux filed an answer to C.M.J.'s appeal of the denial of sanctions against her, asked for sanctions against C.M.J. pursuant to La. C.C.P. art. 863, and asked that C.M.J. be ordered to pay her costs in the trial and appellate courts.

After review, we vacate the judgment and remand the matter to the district court.

**THE JUDGMENT**

The judgment provides in pertinent part:

---

[2] A separate judgment, signed on December 31, 2020, ordered L.M.C. to pay C.M.J. costs, fees, and sanctions pursuant to La. R.S. 46:2136.1(A) and pursuant to La. C.C.P. art. 863. See **C.M.J. v. L.M.C.**, 2021 CA 0565, (La. App. 1 Cir. __/__/__), __WL __.

2

**XIII. IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [C.M.J.'s] Motion and Order to Set and Tax Costs and Expert Fees is hereby granted. [L.M.C.] . . . is hereby Ordered to pay [C.M.J.'s] expert fees and court costs incurred in obtaining the February 8, 2013 Judgment of Child Custody, including the costs of Dr. Alicia Pellegrin ($25,600.00), the deposition of Catherine Austin ($500.00), Louis Eaton ($200.00), court reporters ($5,301.02), and the fees of the Clerk of Court from the filing of the Verified Petition for La. Civ. Code Art. 102 Divorce, and for Incidental Relief, filed May 26, 2011, through the granting of the February 8, 2013, Judgment of Child Custody, all with interest as provided for by law.

· · · · ·

**XVI. IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [C.M.J.'s] *Motion for Sanctions* against [L.M.C.], pursuant to La. C.C.P. art 863, is hereby granted. [L.M.C.] is hereby sanctioned by this Court pursuant to La. C.C.P. art. 863 for her filing of the two (2) *Petitions for Protection from Abuse,* the *Motion for Emergency Ex Parte Custody,* for her allegations made throughout the proceeding, and for all other acts she took to maintain these proceedings. [L.M.C.] is hereby ordered to pay [C.M.J.] all of the reasonable expenses incurred because of the filing of the pleadings, including reasonable attorney fees, costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce, all with interest as provided for by law.

**XVII. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that [C.M.J.'s] *Motion for Sanctions* against [Mr.] Ducote, pursuant to La. C.C.P. art. 863, is hereby granted. [Mr.] Ducote is hereby sanctioned by this Court pursuant to La. C.C.P. art. 863, for continuing to prosecute this case when he knew or should have known that the allegations of [L.M.C.] were blatantly false and calculated to deprive [C.M.J.] of the custody of his children and to gain an advantage in the issues of support and community property. [Mr.] Ducote is hereby ordered to pay [C.M.J.] all of the reasonable expenses incurred because of the filing of the pleadings, from the time of his enrollment in this case through the present date, including reasonable attorney fees, costs, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce, all with interest as provided for by law.

**XVIII. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that [C.M.J.'s] *Motion for Sanctions* against Ellen C. Badeaux, pursuant to La. C.C.P. art. 863, is hereby denied.

**XIX. IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that [C.M.J.'s] Motion for Sanctions against [L.M.C.], pursuant to La. R.S. 46:2136.1(A), is hereby granted. [L.M.C.] is hereby sanctioned by this Court, pursuant to La. R.S. 46:2136.1(A), for her filing of the two (2) *Petitions for Protection from Abuse,* the *Motion for Emergency Ex Parte Custody,* for her allegations made throughout the proceeding,

3

and for all other acts she took to maintain these proceedings. [L.M.C.] is hereby ordered to pay [C.M.J.] all court costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in defending any proceeding concerning domestic abuse assistance in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care for . . . any of the children, necessitated by [L.M.C.'s] acts and/or omissions forming the basis for the proceedings, all with interest as provided for by law.

**XX. IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that [L.M.C.], [Mr.] Ducote, and [C.M.J.] shall appear on the 19th day of February, 2020, at 9:00 o'clock a.m., for a scheduling conference to select a date for a hearing to determine the total amounts of court costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter; attorney's fees, expert fees including the costs of Dr. Alicia Pellegrin ($25,000.00); the deposition of Catherine Austin ($500.00), Louis Eaton ($200.00), court reporters ($5,301.02); sanctions, along with any and all other costs and interest cast against [L.M.C.] and [Mr.] Ducote, as set forth hereinabove.

A valid judgment must be precise, definite, and certain. The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. **Advanced Leveling & Concrete Solutions v. The Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc).

The judgment orders L.M.C. to pay "[C.M.J.'s] expert fees and court costs incurred in obtaining the February 8, 2013, Judgment of Child Custody, including the costs of Dr. Alicia Pellegrin ($25,600.00), the deposition of Catherine Austin ($500.00), Louis Eaton ($200.00), court reporters ($5,301.02), and the fees of the Clerk of Court from the filing of the Verified Petition for La. Civ. Code Art. 102 Divorce, and for Incidental Relief, filed May 26, 2011, through the granting of the February 8, 2013, Judgment of Child Custody, all with interest provided for by law." This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

4

The judgment orders Mr. Ducote "to pay [C.M.J.] all attorney's fees and costs incurred in connection with the violation of the February 8, 2013, Protective Order[.]" This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

The judgment orders L.M.C. "to pay [C.M.J.] all of the reasonable expenses incurred because of the filing of the pleadings, including reasonable attorney fees, costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce[.]" This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

The judgment orders Mr. Ducote "to pay [C.M.J.] all of the reasonable expenses incurred because of the filing of the pleadings, from the time of his enrollment in this case through the present date, including reasonable attorney fees, costs, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce[.] This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

The judgment orders L.M.C. "to pay [C.M.J.] all court costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in defending any proceeding concerning domestic abuse assistance in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care . . . for any of the children, necessitated by [L.M.C.'s] acts and/or omissions forming the basis for the proceedings[.]" This amount is imprecise, indefinite, and uncertain. See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046.

A final judgment that does not contain appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with La. C.C.P. art 1951 within the time set by the appellate court. La. C.C.P. art. 1918. On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language, or errors of calculation. A final judgment may not be amended under this Article to change its substance. La. C.C.P. art. 1951. An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. **Dean v. Dimattia**, 2021-0288 (La. App. 1 Cir. 10/4/21), 330 So.3d 658, 661.

This judgment cannot be corrected simply by changing decretal language or correcting errors of calculation. For example, the judgment orders Mr. Ducote to pay C.M.J. "all of the reasonable expenses incurred because of the filing of the pleadings, from the time of his enrollment in this case through the present date, including reasonable attorney fees, costs, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce[.]" The judgment also orders L.M.C., pursuant to La. C.C.P. art. 863, to pay "all of the reasonable expenses incurred because of the filing of the pleadings, including reasonable attorney fees, costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce[.]"

Mr. Ducote would not be responsible for overpayments of spousal support paid by C.M.J. to L.M.C., and the overpayments of spousal support made by C.M.J. to L.M.C. should not be repaid twice. However, this amendment of the judgment would be a substantive change.

Also, the trial court has ordered Mr. Ducote to pay all of the reasonable

6

expenses incurred "because of the filing of the pleadings, from the time of his enrollment in this case through the present date" which are the same expenses that the trial court has ordered L.M.C. to pay ("all of the reasonable expenses incurred because of the filing of the pleadings"). Thus, the trial court again awarded the same expenses twice. The amendment that is necessary to determine which expenses are assessed against each party would be a substantive change to the judgment. See La. C.C.P. art. 1951.

Furthermore, the trial court sanctioned L.M.C. pursuant to La. C.C.P. art. 863 for "her filing of the two (2) *Petitions for Protection from Abuse*, the *Motion for Emergency Ex Parte Custody*, for her allegations made throughout the proceeding, and for all other acts she took to maintain these proceedings" and ordered her to pay C.M.J. "all of the reasonable expenses incurred because of the filing of the pleadings, including reasonable attorney fees, costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, and for any overpayments in spousal support following the July 20, 2012, Judgment of Divorce[.]"

However, the trial court also sanctioned L.M.C. pursuant to La. R.S. 46:2136.1(A), for "her filing of the two (2) *Petitions for Protection from Abuse*, the *Motion for Emergency Ex Parte Custody*, for her allegations made throughout the proceeding, and for all other acts she took to maintain these proceedings" and ordered her to pay C.M.J. "all court costs, including [C.M.J.'s] clerk of court fees in the amount of $21,981.71 along with any fees that may accrue hereafter, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in defending any proceeding concerning domestic abuse assistance in accordance with La. R.S. 46:2136.1(A), including all costs of medical and psychological care for . . . . any of the children, necessitated by

[L.M.C.'s] acts and/or omissions forming the basis for the proceedings[.]"

With these duplicate awards, the trial court failed to determine which sanctions were attributable to La. C.C.P. art. 863 and which sanctions were attributable to La. R.S. 46:2136.1(A). That necessary determination would be a substantive change to the judgment. See La. C.C.P. art. 1951.

Thus, we find that the judgment must be vacated, and the matter remanded to the district court. C.M.J.'s motion to dismiss Mr. Ducote's appeal as well as C.M.J. and Ms. Badeaux's answers to the appeals are denied as moot.

## CONCLUSION

For the foregoing reasons, the January 15, 2020 judgment is vacated and the matter is remanded to the district court. Costs of this appeal are assessed against C.M.J.

**JUDGMENT VACATED, MATTER REMANDED. MOTION TO DISMISS AND ANSWERS TO APPEALS DENIED AS MOOT.**